# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHARELL WASHINGTON,
                Appellant,

          v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
SF-0752-16-0008-I-1

DATE: July 29, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Upland, California, for the appellant.

Scott L. Zielinski, Esquire, Long Beach, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    This case involves an alleged failure to restore the appellant to employment following her partial recovery from a compensable injury. In dismissing the appeal for lack of jurisdiction, the administrative judge made the following factual findings, among others: (1) the appellant was hired as a Mail Handler Assistant, a permanent, part-time position, in April 2014; (2) the appellant suffered an on-the-job injury in June 2014; (3) in April 2015, she was converted to a full-time career Mail Handler; (4) pursuant to the collective bargaining agreement, she was required to serve a 90-day probationary period as a Mail Handler; (5) on or about June 9, 2015, at her probationary review meeting, the appellant was informed that she was being terminated during her probationary period, effective that same day, due to her failure to remain gainfully employed, failure to perform in a manner that met the expectations of the position, and failure to meet both attendance requirements, and safe work habits; (6) at this same meeting, appellant signed and dated her employee probationary report and surrendered her Postal access badge and time card; and (7) the agency then mailed the appellant a copy of a Letter of Separation. Initial Appeal File (IAF), Tab 24, Initial Decision (ID) at 3-4.

¶3        The administrative judge stated that, to have any restoration rights under 5 C.F.R. part 353 based on a compensable injury, an individual must establish that she was "separated or furloughed from an appointment . . . *as a result of* a compensable injury . . . ."  ID at 4 (quoting 5 C.F.R. § 353.103(b) (emphasis added)).   The administrative judge cited additional legal authority for the proposition that "as a result of a compensable injury" has been construed to mean that the separation was "substantially related to" the compensable injury and that receipt of workers' compensation benefits is not conclusive proof that a removal is substantially related to a compensable injury.   The employee must "demonstrate that no cause aside from his compensable injury precipitated his removal."   ID at 5 (quoting *New v. Department of Veterans Affairs*, 142 F.3d 1259, 1264 (Fed. Cir. 1998)).  Applying these principles to the facts of this case, the administrative judge found that, while one of the reasons for the appellant's termination during her probationary period—"failure to meet attendance requirements"—could arguably be said to be causally related to her compensable injury, it was clear that the other reasons upon which her removal was based were unrelated to that injury.  ID at 5.  The administrative judge therefore found that the appellant failed to make a nonfrivolous allegation that her separation was based solely on her compensable injury.  *Id.*

¶4        The appellant makes several arguments in her petition for review, including that:  (1) she was not required to serve a probationary period once she became a Mail Handler; (2) the agency did not serve its letter of termination on her until September 2015; (3) she was still an employee at the time of her Board appeal; (4) the administrative judge improperly determined that she failed to make nonfrivolous allegations that her separation was based solely on her compensable injury; (5) the administrative judge committed an error of law in failing to find that the agency discriminated against her by not properly restoring her to employment; and (6) the administrative judge made improper determinations regarding the agency's failure to provide her with requested discovery.  Petition

for Review (PFR) File, Tab 3.  The agency filed a timely response.  PFR File, Tab 5.

## ANALYSIS

¶5    In pertinent part, the Board's regulations provide that a petition for review will be granted when the initial decision contains erroneous findings of material fact, and when the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case.  5 C.F.R. § 1201.115(a)-(b).  Under criterion (a), an alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision, and the petitioner must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error.  Under criterion (b), the petitioner must explain how the error affected the outcome of the case.  The Board will normally limit its review to issues actually raised in the petition for review.  5 C.F.R. § 1201.115.

¶6    The appellant's assertions of error in her petition for review fail to meet the criteria of section 1201.115(a) or (b), in that they are simply conclusory assertions.  The appellant did not explain why the challenged factual determinations are incorrect nor identify specific evidence in the record that demonstrates the error.  For instance, the appellant stated in her petition that she was realleging all of her assertions contained in her pleadings in the regional office proceeding.  PFR File, Tab 3 at 4.  Stating that pleadings filed in the regional office proceeding are incorporated by reference into a petition for review does not satisfy the Board's regulatory requirements; a petition for review must contain sufficient specificity for the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record, and the petition itself must identify any procedural or adjudicatory errors and explain how they

affected the outcome of the initial decision. *Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶ 5 n.2 (2013).

¶7      Even if we were to credit the appellant's contentions that she was not required to complete a second probationary period and that she did not receive the agency's letter of termination until September 2015, that would not alter the administrative judge's legal analysis. Regardless of whether the appellant's employment was terminated in June 2015 or September 2015, she still was required to make nonfrivolous allegations that "no cause aside from [her] compensable injury precipitated" her termination.[2]  *New*, 142 F.3d at 1264. A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that: (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. *Id*. The petition for review does not contain any nonfrivolous allegations that her compensable injury was the sole cause of the termination of her employment and that no cause aside from her compensable injury precipitated her termination. Similarly, the petition does not contain any nonfrivolous allegations that the appellant had not been separated from employment.

¶8      Because the appellant has not established that she was subjected to an action within the Board's jurisdiction, we cannot adjudicate her claim of unlawful discrimination. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that, absent an otherwise appealable action, prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

---

[2] Whether the appellant completed the requisite probationary period would be relevant in an adverse action removal appeal, but it is undisputed that the appellant is not a preference eligible or other category of employee with adverse action appeal rights. IAF, Tab 1 at 1 (item 9); 39 U.S.C. § 1005(a)(4).

¶9        Finally, the appellant's claim that the administrative judge made improper determinations regarding the agency's failure to provide her with requested discovery is without merit. The appellant did not require discovery to make nonfrivolous allegations that her compensable injury was the sole cause of her termination.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.